UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JANET JUSTIN CAINE, Plaintiff, v. STATE FARM FIRE & CASUALTY COMPANY, Defendant. | Case No.: 17-cv-0954-BTM-JMA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 10]** |
|---|---|

Pending before the Court is Defendant State Farm Fire & Casualty Company's motion for partial summary judgment. (Def.'s MSJ, ECF No. 10.) For the reasons discussed below, Defendant's motion is granted in part.

## I. BACKGROUND

Plaintiff Janet Caine purchased various insurance policies from Defendant, including a homeowner's policy and a Personal Liability Umbrella Policy ("PLUP"). In January 2011, Plaintiff was sued by Dr. Kaveh Farhoomand and in September 2012, State Farm agreed to provide coverage under the PLUP. The PLUP stated in relevant part:

ADDITIONAL COVERAGES

When **we** provide a defense to an **insured** at **our** expense by

counsel of **our** choice for a **loss** that is not covered by any other insurance policy, but is covered by this policy, **we** will pay the following in addition to the Coverage L Limit of Liability, but only until **we** tender, deposit in court, or pay the amount due under this policy:

1. expenses **we** incur in defending the suit;
2. premiums on bonds required to defend the suit, but not for bond amounts greater than the Coverage L Limit of Liability. **We** are not obligated to apply for or furnish any bond;
3. reasonable expenses any **insured** incurs at our request. This includes:
    a. actual loss of earnings, but not loss of income, up to $200 for each day an **insured** attends at our request;
        (1) an arbitration;
        (2) a mediation;
        (3) a trial of a suit; and
    b. reasonable expenses incurred by **our insured at our** request other than loss of earnings or other income;
4. costs taxed against an **insured** in a suit **we** defend. Costs do not include attorney fees;
5. prejudgment interest, when owed by law, on that part of the judgment covered by this policy; and
6. interest on the entire judgment which accrues after entry of the judgment but only until **we** tender, deposit in court, or pay the amount due under this policy. **We** will not pay interest on damages paid or payable by a party other than the **insured** or **us.**

(Def.'s MSJ, Ex. 1, 14.)

The case went to trial and the jury found against Plaintiff. As part of the judgment against Plaintiff, the Court awarded Dr. Farhoomand $294,488.05[1][2] in cost-of-proof expenses pursuant to California Code of Civil Procedure 2033.420(b)(3), as well as $20,080.55 in prevailing party costs. On November 22, 2013, Defendant agreed to pay $27,528.60 in prevailing costs and cost-of-

---

[1] The trial court broke down the costs as $287,040.00 in attorney's fees and $7,488.05 in costs. (*See* Def.'s MSJ, EX. 2, 4.)
[2] Defendant's request for judicial notice of the state court amended judgment and unpublished court of appeal decision is **GRANTED**. *See* Fed. R. Evid. 20(b); *see also Mullis v. United States Bankruptcy Court*, 828 F.3d 1385, 1388, fn. 9 (9th Cir. 1987).

2

proof costs but refused to pay the $287,040.00, arguing that attorney's fees are not covered under the PLUP. (Def.'s MSJ, Ex. 4.) On December 4, 2013, Defendant paid Plaintiff $27,528.60 under the Additional Coverages provision of the PLUP. (Def.'s MSJ, Ex. 5.)

Plaintiff now brings this action against Defendant to recover $287,040.00 in attorney's fees which Defendant refused to pay, as well as Plaintiff's pre-tender attorney's fees and costs in the amount of $35,000.00.

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to demonstrate that a genuine issue

of disputed fact remains. *Celotex*, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)).

The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## III. DISCUSSION

Defendant moves for partial summary judgment as to Plaintiff's claim for the $287,404.00 fees awarded to Dr. Farhoomand pursuant to California Code of Civil Procedure section 2033.420. Defendant argues that because the PLUP expressly precludes coverage for attorney's fees, it is entitled to summary judgment on this issue.

As mentioned above, the state trial court awarded Dr. Farhoomand $287,040.00 pursuant to California Code of Civil Procedure section 2033.420 which states:

> If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this chapter, and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Cal. Civ. Proc. § 2033.420.

Plaintiff challenges Defendant's motion on two grounds. First, she argues that the entire "additional coverages" section does not apply because Defendant did not provide a defense until it agreed to accept coverage in September 2012 and to date has not reimbursed her for all the attorney's fees and costs she initially incurred. The policy expressly states: "[w]hen we provide a defense to an insured at our expense by counsel of our choice for a loss that is not covered by any other insurance policy, but is covered by this policy, we will pay the following: . . . costs taxed against an insured in a suit we defend. Costs do not include attorney fees." (Def.'s MSJ, Ex. 3, 14.) In California, exclusionary provisions in insurance contracts are strictly construed against the insurer and in favor of the insured. *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal.4th 465, 471 (2004). Thus, the section applies to costs incurred after Defendant provided Plaintiff with a defense by a counsel of its choice. Whether Defendant has breached its contract in not paying for Plaintiff's entire pre-tender defense expenses does not determine this section's applicability. Moreover, the provision does not state that it applies *only* when Defendant provides a defense from the start of a case. Therefore, because it appears that Defendant began providing Plaintiff with a defense as of September 2012, the provision only applies to exclude attorney's fees incurred by Dr. Farhoomand as costs of proof thereafter.

Second, Plaintiff argues that the provision excluding attorney's fees does not apply here because the $287,040.00 the trial court awarded Dr. Farhoomand is a "sanction" under California Code of Civil Procedure section 2033.420. The Court is not persuaded by this argument. As Defendant notes, the statute itself never refers to these awards as "sanctions." *Estate of Manuel*, 187 Cal. App. 4th 400, 405 n.30 (2010) (noting that "[a]t no point in Code of Civil Procedure section 2033.420 are these "expenses" categorized as a "sanction.""). Though some

5

17-cv-0954-BTM-JMA

California courts have referred to an award under this statute as a "cost-of-proof sanction," it is clear that an award under section 2033.420 is not a "discovery sanction" or a "penalty." *City of Glendale v. Marcus Cable Assocs., LLC*, 235 Cal. App. 4th 344, 359 (2015). "Instead, the expenses recoverable under section 2033.420 reimburse the party that propounded the request for admission for *the attorney fees* and costs incurred in proving at trial the genuineness or truth of a document or matter covered by the request." *Id.*; *see also Brooks v. Am. Broad. Co.*, 179 Cal. App. 3d 500, 509 (1986). Awards under this section are therefore "more akin to damages or a traditional statutory award of attorney fees to a prevailing party . . . ." *Marcus Cable Assocs.*, 235 Cal. App. 4th at 359. Moreover, regardless of whether they are categorized as "sanctions" or not, both the trial court and Court of Appeal made it clear that the $287,040.00 are attorney's fees.

Accordingly, the PLUP provision expressly excludes coverage for the cost-of-proof attorney's fees Dr. Farhoomand incurred after Defendant began providing Plaintiff with a defense. It is unclear from the papers when Dr. Farhoomand incurred the awarded cost-of-proof expenses. Therefore, the Court will grant Defendant's motion in part and hold that Plaintiff is not entitled to cost-of-proof attorney's fees incurred after Defendant began providing a defense by a counsel of its choice.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion for partial summary judgment (ECF No. 10) is **GRANTED** in part.

**IT IS SO ORDERED.**

Dated: June 21, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court